UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEY LOPEZ,

      Plaintiff,

 -v-

SUPERINTENDENT OF FIVE POINTS
CORRECTIONAL FACILITY,

      Defendant.

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____                   │
│ DATE FILED: 5-20-15              │
└─────────────────────────────────┘
```

No. 14-cv-4615 (RJS) (JLC)
ORDER ADOPTING REPORT AND
RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

  Petitioner Joey Lopez brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in New York Supreme Court, New York County, on two counts each of burglary in the first degree and robbery in the second degree and one count each of attempted assault in the first degree, assault in the second degree, and attempted assault in the second degree. (Doc. No. 1 ("Petition" or "Pet.").) In the Petition, Petitioner argues that he is entitled to habeas relief on the grounds that his convictions for burglary in the first degree and robbery in the second degree were (1) against the weight of the evidence, and (2) unsupported by legally sufficient evidence. On July 28, 2014, the Court referred this matter to the Honorable James L. Cott, Magistrate Judge, for a report and recommendation. (Doc. No. 3.) Thereafter, Respondent filed its opposition to the Petition (Doc. No. 9) and Petitioner filed his reply (Doc. No. 21). Additionally, Petitioner filed a motion for discovery on January 13, 2015 (Doc. No. 20), which Respondent opposed on January 20, 2015 (Doc. No. 24).

  Now before the Court is Judge Cott's Report and Recommendation (Doc. No. 26 (the "Report")), which recommends that (1) the request for discovery be denied on the basis that Petitioner

has not met his burden of showing "good cause" for discovery, and (2) the Petition be denied on the grounds that (a) Petitioner's weight of the evidence claim is not cognizable in federal habeas, (b) Petitioner's legal insufficiency of the evidence claim was not exhausted, as Petitioner did not raise insufficiency at trial or on appeal, and (c) even if the sufficiency of the evidence claim were exhausted, there *was* sufficient evidence adduced at trial from which a jury could have found beyond a reasonable doubt all of the elements of the offenses of conviction.  Although Judge Cott informed the parties of the fact that any objections to the Report were due by April 6, 2015, and that failure to file timely objections would constitute a waiver of those objections, *see* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), neither party filed any objection to the Report.[1]  However, on April 13, 2015 – seven days after the deadline for filing objections – the Court received in chambers the attached letter from Petitioner, dated April 8, 2015, requesting that the Petition be dismissed without prejudice so that Petitioner may exhaust his insufficiency of the evidence claim.

## DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  When no objections to a report and recommendation are made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Boyd v. City of New York*, 12-cv-3385 (PAE) (JCF), 2013 WL 452313, *1 (S.D.N.Y. Feb. 6, 2013) (citation and internal quotation marks omitted); *see also Lang ex rel. Morgan v. Astrue*, 05-cv-7263 (KMK) (PED), 2009 WL 3747169, *1 (S.D.N.Y. Nov. 6, 2009) (same).  A magistrate judge's decision is "clearly erroneous" only if the district court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395

---

[1] On March 23, 2015, Respondent filed a letter requesting that the Court adopt the Report in its entirety.  (Doc. No. 27.)

(1948)).  In light of the fact that Petitioner did not file any objections, the Court reviews the Report
only for clear error.

    Having reviewed Judge Cott's exceedingly thorough and well-reasoned Report, the Court
finds that the reasoning and conclusions set forth therein are not facially or clearly erroneous.  Indeed,
the Court would adopt the Report even on a *de novo* review, as (1) Petitioner's request for discovery
is founded on little more than speculation, and the Petition certainly does not make "specific
allegations" suggesting he could be entitled to relief if the facts were more fully developed, *see
Gonzalez v. United States*, No. 12-cv-5226 (JSR), 2013 WL 2350434, at *3 (S.D.N.Y. May 23, 2013);
(2) Petitioner's assertion that his conviction was against the weight of the evidence is not cognizable
in a petition for habeas corpus, *see McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422
F. App'x 69, 75 (2d Cir. 2011); and (3) even if Petitioner's contentions as to the legal insufficiency
of the evidence were deemed to be exhausted – itself doubtful, as detailed carefully in the Report (*see*
Report at 23–29) – Petitioner's sufficiency of the evidence claim fails on the merits under the "twice-
deferential standard" for reviewing a sufficiency of the evidence claim in habeas proceedings, *see
Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012) ("The evidence is sufficient to support a conviction
whenever, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt.  And a state-
court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the
decision was objectively unreasonable." (citations and internal quotation marks omitted)).
Accordingly, the Court adopts the Report in its entirety.

    Furthermore, the Court denies Petitioner's request that the Court dismiss the Petition without
prejudice so he may exhaust the insufficiency claim in New York State court before filing a new
habeas petition.  Even if Petitioner *could* exhaust his insufficiency claim at this stage, notwithstanding
the fact that he did not raise the defense of insufficiency at trial or on appeal, and even if a *new*, post-

exhaustion petition could somehow comply with the one-year statute of limitations applicable to habeas proceedings, *see* 28 U.S.C. § 2244(d)(2) – which appears doubtful in light of the fact that Petitioner's direct appellate review concluded on January 6, 2014 (Pet. at 3), *see Davis v. McLaughlin*, No. 01-cv-6673 (NRB), 2001 WL 1537554, at *1 (S.D.N.Y. Nov. 30, 2001) ("The withdrawal of the petition does not start a new one year limitations period.") – the Court must still deny Petitioner's request because his legal insufficiency claim is plainly meritless for the reasons set forth in the Report. *See* Report at 30–35; *Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[E]ven if a petitioner had good cause for [the] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Thus, Petitioner's request for dismissal without prejudice is likewise denied.

CONCLUSION

Accordingly, for the reasons set forth above and in Judge Cott's Report, IT IS HEREBY ORDERED THAT Petitioner's petition for a writ of habeas corpus and Petitioner's request for the Court to dismiss his petition without prejudice are each DENIED. The Clerk of the Court is respectfully directed to terminate the petition pending at Doc. No. 1 and to close this case.

SO ORDERED.

Dated:      May 20, 2015
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order has been sent to:
Joey Lopez
10A3558
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024

Joey Lopez
10A3558
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, NY 14541

TO:  Hon. Richard J. Sullivan
     United States Courthouse
     500 Pearl Street
     New York, New York 10007



Dated: April 8, 2015

    Dear Sir;

    I am writting to you regarding the current motion before you and the Report and Recommendation of James L. Cott, Magistrate Judge. Sir, I am a layman of the law, with very little understanding of it, I filed this motion because this was the avenue that the facility offender law clerk informed me must be taken, I now have been informed that this was an improper course of action. I was informed that I did not exhaust all state requirement and remedies available to me. I now request that the motion be dismissed in the interest of justice to allow me to proceed to exhaust my state requirements.

                Respectfully Submitted

                Joey Lopez #10-A-3558
                Auburn Correctional Facility
                135 State Street
                Auburn, NY 13024-9000

JRN CORRECTIONAL FACILITY
BOX 618
JRN, NEW YORK 13024

E: _Lopez Jony_   DIN: _10-A-3508_

SYRACUSE
NY 130
08 APR '15
PM
AUBURN CORRECTIONAL FACILITY

U.S. POSTAGE PITNEY BOWES
ZIP 13021
02 1W   $ 000.48⁰
0001387039 APR 08 2015

USM P3
SDNY

Hon. Richard J. Sullivan
United States Courthouse
500 Pearl Street
New York, New York 10007

10007131699